UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RENE GARCIA, | Case No.  1:22-cv-01622-CDB (SS) |
| Plaintiff, | ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Doc. 21) |
| Defendant. | |

Pending before the Court is the stipulated request of Plaintiff Leonard Rene Garcia ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $9,200.00 to counsel for Plaintiff, Francesco Benavides.[1] (Doc. 21).

The parties agree that an award of attorney's fees to counsel for Plaintiff should be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Francesco Benavides. *Id*. at 2.

On March 26, 2026, the Court granted Plaintiff's motion for summary judgment and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 9).

1

proceedings. (Doc. 19). Judgment was entered the next day. (Doc. 20). On April 8, 2026, Plaintiff filed the pending stipulation for attorney's fees as a prevailing party. (Doc. 21). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's filing is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust. Moreover, the Commissioner does not oppose the requested relief. (Doc. 21). *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $9,200.00 in EAJA fees as authorized by 28 U.S.C. § 2412(d). (Doc. 21). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website.[2] *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the median of the published maximum rate associated with the years (2022 through 2023) during which he engaged in services in this case (which the Court computes as $239.79), the requested award would amount to approximately 38 hours of attorney time (not accounting for any paralegal time expended). The Court finds this reasonable and commensurate with the number of hours an attorney would need to have spent reviewing the certified administrative record in this case (approximately 1,455 pages; Doc. 10), preparing a motion for summary judgment that includes 17 pages of argument (Doc. 14

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited April 9, 2026).

at 12-28), and preparing a reply brief that includes four pages of argument (Doc. 18 at 2-5).  With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further proceedings.  (Docs. 19, 20).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1.  Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 21) is GRANTED; and

2.  The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees in the amount of $9,200.00, pursuant to the terms set forth in the parties' stipulation.  (Doc. 21).  Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth in the stipulation.

IT IS SO ORDERED.

Dated:  __**April 9, 2026**__

_____
UNITED STATES MAGISTRATE JUDGE